**Tarsem S. BRAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74939.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 18, 2007.

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michael T. Donnellan, U.S. Dept of Justice Environmental Enforcement Section, Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Tarsem S. Brar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which adopted and affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review the IJ's decision for substantial evidence, *Abebe v. Gonzales,* 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the IJ relied on inconsistencies between Brar's testimony and declaration that go to the heart of Brar's asylum claim, including inconsistencies regarding whether Brar filed police reports regarding the alleged mistreatment of his family and when he

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

first met Detective Grewel, the purported instigator of the mistreatment. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Brar did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the denial of CAT relief because Brar did not establish that it is more likely than not that he will be tortured if he returns to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.